527 S.E.2d 358

**In the Matter of Matthew E. DAVIS, Respondent.**

**No. 25056.**

Supreme Court of South Carolina.

Submitted Dec. 20, 1999.

Decided Jan. 24, 2000.

Matthew E. Davis, of Columbia, pro se.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent.

Respondent was employed by the law firm of E.W. Cromartie, II, in Columbia, as an associate whose primary duty was real estate transactions. Respondent had the authority to sign on a real estate trust account maintained by the law firm at BB & T Bank in Columbia.

Respondent failed to comply fully with Rule 417, SCACR, in that he failed to conduct monthly reconciliations of the BB & T trust account, and he did not maintain a trial balance in the real estate trust account, or a running balance for each client by identifying whose money was in the account at any given time.

Respondent failed to supervise non-lawyer employee(s) who were responsible for reconciling the trust account, and ensure correct wiring instructions were given to lenders for funds to be wired to the real estate trust account. This lack of supervision resulted in funds being wired to another trust account maintained by the law firm at BB & T, which led to numerous in-branch transfers of funds from the other trust account to the real estate trust account.

Respondent's title insurance was written through First American Title Insurance Company. After a closing took place, deeds and mortgages were to be promptly recorded. Outstanding mortgages and other liens were to be paid immediately. In order to issue a policy of title insurance First American had to receive a final Certification of Title from respondent. Respondent failed to properly and timely provide satisfactions of mortgages, so First American could close· out its files in a timely manner. The resulting delays ranged from six to eighteen months. First American, in order to provide

lenders with the policies it was committed to issue, finally had to utilize its abstractor and abstractors in other counties to provide the necessary information.

Respondent wrote a number of checks to First American for title insurance from the firm's real estate trust account. First American did not deposit these checks until it had received all appropriate information. The checks were not negotiated properly because of all the delays involved. Respondent failed to properly safeguard title insurance money held in the real estate trust account, and failed to notify Mr. Cromartie of the identity of the funds. Mr. Cromartie, without contacting respondent or making an effort to determine the exact identity of those funds, assumed they were accumulated fees and withdrew them. When the title company began depositing the premium checks, the checks were returned NSF. Insufficient funds were in the trust account for all the checks to be honored.

Respondent left the Cromartie Law Firm on or about January 4, 1998. At the time he left the firm, there were sufficient funds in the real estate trust account to satisfy the outstanding title insurance premium checks. At or about the time Respondent left the firm, approximately six trust account checks for title insurance premiums had been returned NSF to First American. First American then stopped depositing the checks, since it feared NSF fees. By the time a complaint was made to the Commission on Lawyer Conduct, First American was holding approximately thirty checks. First American sent demand letters to Mr. Cromartie. Mr. Cromartie paid the outstanding premiums by certified checks in the amounts of $1,000.00, dated July 9, 1998, and $7,038.00, dated August 18, 1998. He was refunded $0.17.

Respondent has violated the following provisions of the Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violated the Rules of Professional Conduct); Rule 7(a)(5) (engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violated the oath of office taken upon admission to practice law in this state).

Respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence); Rule 1 .3 (diligence); Rule 1.15 (safekeeping property); Rule 8.4(a) (violation of the Rules of Professional Conduct); and Rule 8.4(e) (engaged in conduct that is prejudicial to the administration of justice).

Respondent's conduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded.

PUBLIC REPRIMAND.