530 S.E.2d 382

In the Matter of E.W. CROMARTIE, II, Respondent.

No. 25106.

Supreme Court of South Carolina.

Submitted March 13, 2000.
Decided April 10, 2000.

Desa A. Ballard, of West Columbia, for respondent.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement.

Respondent is the senior partner in the firm of E.W. Cromartie, II, in Columbia. Respondent employed attorney Matthew E. Davis as an associate whose primary duty was real estate transactions. Recently, we publicly reprimanded Davis for his misconduct associated with real estate closings. *See In the Matter of Davis*, 338 S.C. 459, 527 S.E.2d 358 (2000). Respondent's misconduct relates primarily to a failure to supervise Davis, and the facts of the matter are more fully set out in the *Davis* opinion.

Davis failed to properly and timely provide satisfactions of mortgages to the company which wrote title insurance for the closings Davis conducted. This resulted in the title company being unable to close out its files in a timely manner. Respondent failed to properly supervise Davis in these matters.

Davis wrote a number of checks for title insurance from the firm's real estate trust account. Because of the delays caused by Davis, the checks were not negotiated promptly by the title company. Respondent failed to properly safeguard title insurance money held in the real estate trust account and failed to seek information from Davis regarding the identity of the funds. Respondent instead assumed these funds were accumulated attorney's fees and withdrew them. As a result, when the title company began depositing the premium checks, not all of the checks were honored due to insufficient funds (NSF) in the trust account. Bank statements showed that there were NSF charges and, at one point, a negative balance in the real estate trust account. Respondent, however, did not review these records and did not make inquiries about them.

In March 1998, respondent began withdrawing from the real estate trust account what he thought to be attorney's fees. Respondent failed to contact Davis, who had left the firm in January 1998, to verify whether these funds were in fact attorney's fees.

Respondent also transferred operating account funds in the amount of $5,000 to his trust account, without an identifiable client-related reason. This check was deposited into the firm's general escrow account on December 19, 1997.

Respondent failed to comply fully with Rule 417, SCACR, in that he failed to: (1) conduct monthly reconciliations of the real estate trust account; (2) ensure that Davis or non-lawyer employees conducted such reconciliations; and (3) maintain a trial balance in the real estate trust account or a running balance for each client by identifying whose money was in the account at any given time. Respondent also failed to supervise non-lawyer employees who were responsible for ensuring that correct wiring instructions were given to lenders for funds to be wired to the real estate trust account. In addition, by issuing a number of checks from the general escrow account without properly identifying them, respondent failed to comply with Rule 417.

Respondent admits he violated Rule 7, RLDE, by violating the Rules of Professional Conduct, by engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law; and by violating the oath of office taken upon admission to practice law in this state.

Moreover, respondent's misconduct constitutes a violation of the Rules of Professional Conduct, Rule 407, SCACR. Respondent failed to provide competent representation. Rule 1.1. He failed to act with reasonable diligence and promptness in representing his clients. Rule 1.3. He violated his duty regarding the safekeeping of his clients' or third parties' property. Rule 1.15. Respondent engaged in conduct that is prejudicial to the administration of justice. Rule 8.4(e).

In our opinion, respondent's misconduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his misconduct.

**PUBLIC REPRIMAND**