572 S.E.2d 285

**In the Matter of Matthew Edward DAVIS, Respondent.**

**No. 25549.**

Supreme Court of South Carolina.

Submitted Sept. 20, 2002.

Decided Oct. 28, 2002.

Henry B. Richardson, Jr. and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent conditionally admits misconduct and consents to a definite suspension from the practice of law for a period of up to sixty days.[1] We accept the agreement and suspend respondent for sixty days.[2] The facts as admitted in the agreement are as follows.

### *Facts*

Respondent was appointed to represent a client in a post-conviction relief (PCR) matter. Following a hearing on February 13, 2002, the PCR judge granted the client relief and directed respondent to prepare an order. Respondent delayed in preparing the order and in responding to inquiries from the judge regarding the preparation of the order.

In the course of investigating the complaint made against respondent by the client, Disciplinary Counsel issued and served, pursuant to certified mail, a subpoena requiring respondent to appear before Disciplinary Counsel on July 17, 2002. Respondent signed the postal service form acknowledging service on June 5, 2002, but failed to appear before Disciplinary Counsel. Respondent also failed to respond to a telephonic inquiry placed to his principal office by the Commission on Lawyer Conduct. Further, respondent failed to contact the Office of Disciplinary Counsel to seek a postponement or to advise Disciplinary Counsel that he would be unable to appear in accordance with the subpoena.

Respondent also failed to timely respond to a letter dated July 2, 2002, sent to him by the Chief Justice of the South

---

1. In 2000, this Court publicly reprimanded respondent for improperly handling a trust account while he was an associate at another law office. *In the Matter of Davis*, 338 S.C. 459, 527 S.E.2d 358 (2000).

2. Respondent was placed on interim suspension by order of this Court dated July 17, 2002. Respondent's request that his sixty day suspension be made retroactive to the date he was placed on interim suspension is denied.

Carolina Supreme Court regarding another of respondent's clients, even though the letter required a response by July 8, 2002. An officer of the Bureau of Protective Services personally served respondent with another copy of the letter on July 10, 2002. However, respondent did not reply to the letter until July 12, 2002, nor did he notify the Chief Justice, the Clerk of the Supreme Court, or the Office of Disciplinary Counsel that his response would be delayed.

Further, prior to receiving notice of his interim suspension, respondent placed a telephone call to the Department of Social Services (DSS) on behalf of a former client seeking information regarding the amount of arrearages owed by the former client. Respondent and the attorney for DSS exchanged telephone calls for several days and respondent admits that he continued to communicate with DSS after he learned of his interim suspension. Respondent contends that he did not intend this request for information to constitute the practice of law, but acknowledges that his continued communications with DSS could be construed as the practice of law while he was under interim suspension.

Additionally, respondent acknowledges that at the time of his interim suspension, his trust account reconciliations were several months behind schedule. All funds deposited into the trust account have since been properly identified and accounted for, and respondent is working diligently with his accountant to bring the reconciliations current. Respondent also affirms that they will remain current after his reinstatement to the practice of law.

### *Law*

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation); Rule 1.3 (failing to act with reasonable diligence and promptness while representing a client); Rule 1.4 (failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with requests for information); Rule 3.2 (failing to make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 5.5 (engaging in the unauthorized practice of law); Rule 8.4(a) (violating the Rules of

Professional Conduct); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent also admits that he violated Rule 7(a)(3), RLDE, Rule 413, SCACR, (willfully violating an order of the Supreme Court and failing to appear pursuant to a subpoena issued by Disciplinary Counsel) and Rule 417, SCACR (failing to maintain current financial records).

### *Conclusion*

We find that respondent's misconduct warrants a definite suspension. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for sixty days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.